Ryan Melcher
PO Box 222798
Carmel, Ca. 93922
Phone: 831-624-6312



**FILED**

FEB 17 2011

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

Ryan Melcher,     District Court Case No. C-11-00342 LHK

   Appellant,

v.

John Richardson, Trustee

   Appellee.

## OBJECTION TO JOHN RICHARDSON'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED

1. I, Ryan Melcher, object to the Trustee's Motion to relate my appeal No. C-11-00342 LHK to my mother's, Jacqueline Melcher, previous appeals.

2. Contrary to the Trustee's attorneys statements in his Administrative Motion, my Mother's appeals and my appeal were never intended to delay the administration of the bankruptcy estate. We were

I, Jacqueline Melcher, declare as follows:

1. After having a confirmed plan of reorganization approved by the Bankruptcy court in 2005, my plan was appealed and I was sent back to Chapter 11. I did not have representation in the appeal after my attorney was voted out of his firm.

2. I was then represented by Bartlett, Leader-Picone and Young in my Chapter 11. Mr. Leader-Picone tried for over one year to obtain permission to borrow funds on my property in order to pay the additional legal fees and expert witness fees to have my Chapter 11 dismissed in 2007 and in 2008. The attorneys objected to my motion to borrow funds on my property to pay them and have my Chapter 11 dismissed. The attorneys were allowed to collect interest on their fees.

3. At no time was an appeal filed by me to delay or interfere with the Chapter 7 trustee when he took over my Bankruptcy case on

September 15, 2008 and proceeded to increase a realtor's commission by some hundreds of thousands of dollars. I objected. Judge Weissbrodt denied the trustee's request. Hostility began.

4. My appeals of the Bankruptcy Court's orders were filed in good faith and for good reason. I was in pro per and was left at a disadvantage. I asked to have my appeals of the proposed sale of my property called Moshup Trail combined into one appeal. It was opposed by attorney Charles Maher representing the trustee but District court Judge R. Whyte allowed the combining of the three appeals that all related to the various trustee's motions to sell the property.

5. I was devastated that my appeal was dismissed because of missing deadline. During the gathering of documents I was at the same time dealing in pro per with the trustee's attorney's motion for hearings filed in the Bankruptcy Court.

6. The Moshup Trail property that I owned for over 30 years was sold under value by approximately 1.5 million dollars without preparation and with a notice that there was no ocean front access and that a legal dispute existed. This was false.

7. The trustee's illegally removed our furniture from Moshup Trial property and put it into storage without notice to me and cancelled 30 thousand dollars of rents and allowed the same tenant to buy the property under My rents were used to pay the mortgage. There was no need to sell the Moshup Trial property. The trustee was told to prove that this property needed to be sold in a verbal Court order in the February 2, 2009 Bankruptcy Court hearing.

8. Contrary to attorney C. Maher's statement on page 2, lines 15, & 16 of his Administrative Motion to consider relating my appeals to my son's appeal, I never asked the trustee to operate a business for

my benefit and have him follow any instructions from me. I took years to build up rentals after my husband left our family and his financial responsibilities.

9. At the time of my conversion to Chapter 7 I had existing rentals on my properties that paid for the mortgage each month. The trustee's attorney, without court approval, just cancelled the existing rentals and turned down requests for rentals for a loss of approximately 165 to 175 thousand dollars for a short period of time. Debt increase.

10. The trustee through his attorney unnecessarily caused to have existing leases cancelled and left properties abandoned causing damage to the properties. More debt.

11. In October 2008 the trustee attempted to increase a realtor's commission by some hundreds of thousands of dollars in 2008. More debt. I objected. Bankruptcy Judge Weissbrodt denied the trustee's request. The

trustee and his attorney retaliated canceling rentals and running up debt to create a reason to sell property.

12. My appeals of the Bankruptcy Court orders were filed in good faith and for good reason. I was in pro per and left at a disadvantage.

13. I appealed the Bankruptcy Court's Order to pay an additional $535,000.00 to the law firm of Choate Hall & Stewart in Boston who was hired to protect the most valuable asset of my estate, the ocean front Stonewall Beach property that I bought with my parents in 1979.

14. I had filed a motion to reconsider the Court's order to pay these additional legal fees to Choate Hall & Stewart before the trustee took over in the fall of 2008. The trustee's attorney was made aware of my motion for reconsideration based on the attorney postponing court dates and his failure to tell me of court hearings and his

failure to correct the facts filed by the "neighbor" taking possession of property my Bankruptcy estate by taking the deeded easement to the beach.

15. I was no longer allowed to decide my fate. The trustee was in charge and sat on my rights for over 18 months by refusing to bring my motion to reconsider the additional legal fees back in front of the Bankruptcy Judge. The Choate law firm had already receive approximately one million dollars that I funded from borrowing on my Stonewall property to protect my property from the taking of the valuable deeded easement to the beach.

16. The trustee's attorney did the work for the opposition by charging my estate for filing Choate's opposition to my request to stop any further payment to Choate Hall & Stewart. Attorney C. Maher for the trustee stated that it was too late to have the motion to reconsider since it was now over 18 months and the motion was not heard. My

hands were tied. The trustee sat on my rights and then complained that it was too late. I appealed the decision to pay over a half of a million dollars more to Choate Hall & Stewart. I had a list of reasons why this firm was not due any further payments.

17. I owned my own properties before I met my deceased ex husband. I owed approximately 400 hundred thousand dollars when I filed Chapter 11. This was an astronomical amount at the time. I have had to borrow and plead to have my Bankruptcy dismissed on more than one occasions. My son and I live a very fugal life style renting a portion of the family residence in Carmel. We do not have any extra funds. I have been in pro per since my case was converted to Chapter 7 in September 2008.

I declare under the penalty of perjury that the foregoing is true and correct.
Respectfully submitted: Jacqueline Melcher
2/15/11

July 13, 1989

In order to insure the smooth transfer of property and protect the interest of our child, Ryan Jordan Melcher, Terry Melcher has agreed not to sell his interest in the property in Chilmark, Mass. (map 32 lot 67) without the prior written approval of Jacqueline Carlin Melcher.

Terry Melcher has consented to this agreement in consideration of transferring one half interest in the above described property.

Peter Lindberg    T.P.M.    7-13-89

Jacqueline Carlin Melcher
July 13, 1989