E-FILED on    3/31/12

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RYAN MELCHER,<br><br>       Appellant,<br><br>   v.<br><br>JOHN W. RICHARDSON, Trustee in bankruptcy<br><br>       Appellee. | No. C-11-00342 RMW<br><br>ORDER AFFIRMING BANKRUPTCY COURT'S ORDER AUTHORIZING SALE OF PROPERTY FREE AND CLEAR<br><br>**[Re Docket No. 34]** |

     Ryan Melcher, ("appellant") proceeding *pro se*, appeals from an order of the United States Bankruptcy Court for the Northern District of California denying his motion for reconsideration of an order permitting the sale of real property in Chilmark, Massachusetts ("property") free and clear of liens. For the reasons set forth below, the court affirms the order of the Bankruptcy Court, authorizing the Trustee, John Richardson ("trustee") to sell the "property free and clear of the claims, liens, and interests" asserted by appellant. Dkt. No. 1.

## I. DISCUSSION

     The District Court reviews the Bankruptcy Court's findings of fact under a clearly erroneous standard and the Bankruptcy Court's conclusions of law *de novo*. Fed. R. Bankr. P. 8013; *see also Rubenstein v. Ball Bros., Inc. (In re New England Fish Co.)*, 749 F.2d 1277 (9th Cir. 1984).

ORDER AFFIRMING BANKRUPTCY COURT'S ORDER AUTHORIZING SALE OF PROPERTY FREE AND CLEAR—No. C-11-00342 RMW
CVH

1  The property at issue forms part of the bankruptcy estate of appellant's mother, Jacqueline
2  Melcher. Appellant argues that he has an interest in the property based on a document ("alleged
3  trust instrument") executed by his parents in 1989, which he contends placed the property into a trust
4  of which he is the beneficiary. *See* Dkt. No. 35 App. 2 Ex. A. At some point during his mother's
5  bankruptcy proceeding, appellant filed suit in Dukes County Superior Court of Massachusetts
6  asserting claims related to the alleged trust instrument. *See id*. That court dismissed all of appellant's
7  claims. *Id*. In 2008, the Massachusetts Court of Appeal affirmed, finding that the alleged trust
8  instrument did not grant appellant any interest in the property. *See Melcher v. Melcher*, No. 07-P-
9  1058, 2008 WL 4414609 (Mass. App. Ct. Oct. 1, 2008) (finding that it was readily apparent that
10 appellant's parents had no intention of creating a future interest for him in the property).

11 On December 11, 2009, the Bankruptcy Court, relying on the Massachusetts Court of Appeal
12 Judgment ("Massachusetts Judgment"), sustained trustee's objection to appellant's claims of interest
13 in the property. *See* Dkt. No. 35 App. 2 Ex. B. Appellant did not appeal.[1] On September 8, 2010, the
14 Bankruptcy Court granted trustee's unopposed motion to sell the property free and clear of claims,
15 liens, and interests asserted by appellant. On December 29, 2010, the Bankruptcy Court denied
16 appellant's motion for reconsideration of that order.

17 Under bankruptcy law, the trustee may sell property free and clear of any interest in such
18 property if such interest is in bona fide dispute. 11 U.S.C. § 363(f)(4). A bona fide dispute exists
19 where there is an "objective basis for either a factual or a legal dispute as to the validity of the
20 [claim]." *See In re Vortex Fishing Sys., Inc.*, 277 F.3d 1057, 1064 (9th Cir. 2001) (quoting *In re
21 Busick*, 831 F.2d 745, 750 (7th Cir. 1987). The "statute does not require the court to determine the
22 outcome of any dispute, only its presence or absence." *Busick*, 831 F.2d 750.

23 Here, the trustee has provided sufficient evidence of a bona fide dispute over the property.
24 Given that the Massachusetts Court of Appeal found appellant had no trust interest in the property,

---

[1] Appellant may believe that he is appealing the December 2009 order sustaining the trustee's objection rather than the December 2010 order allowing sale of the property free of liens. *See* Dkt. No. 35. However, as the notice of appeal makes clear, the latter order is the only one before this court. *See* Dkt. No. 1, at 8. Nonetheless, even if appellant were to be appealing the earlier order here, the court agrees with the Bankruptcy Court that the Massachusetts Judgment conclusively demonstrates appellant has no interest in the property at issue.

ORDER AFFIRMING BANKRUPTCY COURT'S ORDER AUTHORIZING SALE OF PROPERTY FREE AND CLEAR—No. C-11-00342 RMW
CVH                                              2

and appellant asserts no other interests in property, it is clear that trustee has, at the very least, raised "substantial legal questions" regarding appellant's claims. *See id*. As such, the Bankruptcy Court did not err in permitting trustee to sale the property free and clear of liens.

Appellant also contends that his initiation of the Massachusetts litigation violated the automatic stay required pursuant to 11 U.S.C. § 362, and that the Massachusetts Judgment should thus be void. A petition in bankruptcy operates as a stay against acts that may affect property of the bankruptcy estate. *In re Nat'l Envtl.*, 129 F.3d 1052, 1054 (9th Cir. 1997). The automatic stay is designed to "protect debtors from all collection efforts while they attempt to regain their financial footing." *Id*. (quoting *In re Schwartz*, 954 F.2d 569, 571 (9th Cir. 1992). It is also designed to protect creditors from the "race of diligence," in which those who acted first would receive payment "in preference to and to the detriment of other creditors." *In re Nat'l Envtl.*, 129 F.3d 1054. "Actions taken in violation of the stay are void." *Id*.

Appellant is neither a creditor nor a debtor. As such, it appears that the automatic stay provisions do not apply to him. Moreover, accepting appellant's argument would mean that a creditor or debtor could obtain relief from an unfavorable judgment despite the fact that he or she initiated the lawsuit. The court finds this proposition inequitable and counterintuitive. The bankruptcy court has wide latitude in crafting relief from the automatic stay, including the power to grant retroactive annulment. *See id*. (quoting *Schwartz*, 954 F.2d 572). The court balances the equities in order to determine whether retroactive annulment is justified. *See In re Nat'l Envtl.*, at 1055. On balance, the court finds that voiding the Massachusetts Judgment would be highly inequitable to trustee because it is apparent appellant "is attempting to use the stay unfairly as a shield to avoid an unfavorable result." *Id*. (quoting *In re Confidential Investigative Consultants, Inc.*, 178 B.R. 739, 752 (Bankr. N.D. Ill. 1995). Therefore, the court rejects appellant's assertion that the Massachusetts litigation violates the automatic stay provision of § 362.

### III. ORDER

For the foregoing reasons, the court affirms the order of the Bankruptcy Court authorizing the sale of the property free and clear.

DATED:_3/30/12_____     _____
                                 RONALD M. WHYTE
                                 United States District Judge